THE PEOPLE OF UTAH TERRITORY, EX REL., JOHN JONES, RESPONDENT, *v.* HIRAM HOUSE, A JUSTICE OF THE PEACE, APPELLANT.

THE PEOPE OF UTAH TERRITORY, EX REL., ALLEN HUNSAKER, RESPONDENT, *v.* SAME APPELLANT.

PRACTICE—SUBSTITUTED SERVICE, WHEN EQUIVALENT TO PERSONAL.— The service of an alternative writ of prohibition by leaving a certified copy thereof at the defendant's usual place of abode, with some suitable person of at least the age of fourteen, is equivalent to a personal service and warrants a personal judgment.

ID.—ALTERNATIVE WRIT OF PROHIBITION—WHEN RETURNABLE.—The length of time to elapse between the service of an alternative writ of prohibition and the hearing thereon is left to the sound discretion of the judge issuing the same; and the fact that only three days intervene between the service and hearing shows no abuse of such discretion, if no extension of time was applied for.

APPEALS from judgments of the district court of the first district, ordering peremptory writs of prohibition.

In the case of *People ex rel. Hunsaker* v. *House,* the alternative writ of prohibition was served on July 20, 1885, and required House to appear July 23, 1885, to show cause why it should not be made absolute; on the last named date the writ was made absolute, House not appearing.

In the case of the *People ex rel. Jones* v. *House* the alternative writ was served, July 31, 1885, and required House to appear August 4, 1885, to show cause why it should not be made absolute; on the last named date the writ was made absolute, House not appearing. The other facts sufficiently appear in the opinion of the court.

*Mr. C. S. Varian,* for the appellant in both cases.

The statute authorizes service by delivering a certified copy to some suitable person of the age of fourteen years, at the usual place of abode of defendant: Civil Pr. Act, sec. 268.

It is submitted that this is not applicable to the special proceeding of prohibition. This writ is in the nature of a mandatory injunction. It is addressed to the party personally and requires him to "desist or refrain;" that is, it requires personal action. A violation of its mandate, if willful, is a criminal contempt and may be visited by highly penal consequences. The party enjoined by it is entitled to be heard against its operations, and "due process of law" demands that he have his day in court. In the very nature of things, it is evident the statute (sec. 984) contemplated that this alternative writ, which is only an order to show cause, should be served personally. But if it did not so intend and does in terms authorize constructive service, to such extent the statute is void: *Pennoyer* v. *Neff*, 95 U. S., pp. 725, 726, 728, 730, 733; *St. Clair* v. *Coy*, 106 U. S., 350; *Webster* v. *Reid*, 11 How, 460.

*Mr. Richards & Rolapp*, for the respondent in both cases.

BOREMAN, J.:

These were both cases of the issuance of the writ of prohibition. The facts and the questions of law are the same in these two cases as in the prohibition case of *Ducheneau* v. *House*, ante p. 369, (decided at the present term), except that in these cases now under consideration two questions are raised which are not found in the Ducheneau case. It is claimed that in these two cases the service of the writ was void. Our statutes authorize the service of this writ as ordinary summons is served, and the summons can be served "on the defendant personally, or by leaving a certified copy thereof at his usual place of abode, with some suitable person of at least the age of fourteen." Laws 1884, pp. 201, 202, sec. 268, sub. 8. The return of the officer on the writ in each of these cases was, as to the objectionable part, as follows: "That I served the same by delivering a certified copy thereof at the usual place of abode of the within-named Hiram House, at Corinne city, in Malad precinct, county of Box Elder, territory of Utah, with some suitable person, to-wit,

with the wife of said Hiram House, over the age of 14 years, on the first day of August, 1885."

The objection is that the service on the wife is not sufficient; that it should have been made on the justice personally. The appellant refers to the following cases to sustain his position, viz.: *Pennoyer* v. *Neff*, 95 U. S., 725 et seq.; *St. Clair* v. *Cox*, 106 U. S., 350; *Webster* v. *Reid*, 11 How., 460. We do not think that either of the cases supports the position of appellant. Service by publication in attachment suits does not affect property not attached, nor does it warrant a personal judgment; but such is not this case. The service of the writs was in accordance with the statute, and we do not think that such service is defective.

It is further objected that sufficient notice of the hearing, by service of the alternative writ, was not given, it being only three or four days prior thereto. This is a matter that is necessarily left to the sound discretion of the court or judge issuing the alternative writ. The appellant does not seem to have brought the attention of the lower court to this fact, nor applied for an extension of time, and the service is certainly not void merely because of the shortness of time. Nothing appears to show that there was any abuse of the discretion allowed to the court or judge. We necessarily conclude that there was nothing improper or injurious in the fact of so short a notice. The judgments in both cases are therefore affirmed.

POWERS, J., concurred. ZANE, C. J., dissented.